CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Jamie L. Taylor, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:24-cv-00635 |
| Wexford Health Sources, Inc., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jamie L. Taylor, an inmate housed at Southwest Regional Jail- Haysi proceeding *pro se,* filed a complaint pursuant to 42 U.S.C. § 1983 against a single named Defendant, Wexford Health Services ("Wexford").[1] Taylor contends that his needs for medical treatment and consultation related to a claimed cardiac condition were not met in violation of the Eighth Amendment to the United States Constitution.

I.     **Facts and Procedural History**

The complaint alleges facts supporting Taylor's contention that he requires more monitoring and consultation because of a prior heart surgery, during which heart valves were replaced. (Compl. at 2, 4 (Dkt. 1).) He contends he has not been appropriately evaluated and treated, and he claims to be suffering cardiac symptoms. (Compl. at 2–4.) The complaint does not mention Wexford or even state that Wexford was the medical provider at

---

[1] The correct name of the Defendant is Wexford Health Sources, Inc. Accordingly, the docket was changed to reflect the correct entity name.

the institution housing Taylor.   The sole mention of Wexford is in the case caption.

Wexford filed a motion to dismiss (Dkt. 15) and a memorandum in support of the motion to dismiss (Dkt. 16), based, in part, upon Taylor's failure to make any factual allegations against it.   Both the complaint and Taylor's response to the motion to dismiss (Dkt. 19) identify no action or omission of Wexford that contributed to his claimed injuries. Taylor's response to the motion to dismiss merely expanded Taylor's factual allegations about his condition and identified the actions of some individual nurses.   Neither the complaint nor Taylor's response to the motion to dismiss described the nurses' relationship with Wexford.

## II.    Standard of Review

Taylor brings this action *pro se,* so the court liberally construes his pleadings.   *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   However, the court may neither construct a plaintiff's legal arguments for them, *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), nor "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).   When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."   *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).   However, dismissal is appropriate when the complaint fails to state a claim upon which relief could be granted.   Fed. R. Civ. P. 12(b)(6).

## III.    Analysis

Liability under § 1983 is personal, meaning that a plaintiff must identify the particular actions or inactions of each defendant that led to the claimed harm.   *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).   "Because vicarious liability is inapplicable to *Bivens* and § 1983

suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Defendants "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* Therefore, Wexford cannot be held liable simply as the employer of staff or as the health-care provider at the institution. Rather, to state a viable § 1983 claim against a corporation, a plaintiff must identify acts of the corporation that caused his alleged harm. Specifically, "a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999).

Taylor failed to make any allegations against Wexford, so he has not met these standards. When there are no specific factual allegations against a defendant, dismissal is warranted. *E.g.*, *Harris v. City of Virginia Beach*, 11 F. Appx. 212, 214–15 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement).

## IV.   Conclusion

Because Taylor failed to make any allegations whatsoever against sole Defendant Wexford, the complaint fails to state a plausible claim upon which relief could be granted. Accordingly, dismissal of this action is warranted, and the court **GRANTS** the motion to dismiss and **DISMISSES** this action without prejudice, meaning that the dismissal of this action is not a finding that Taylor could not in the future state a claim against other defendants or the named defendant. It is merely a ruling that the complaint filed by Taylor in this action fails to state a claim against the named defendant, so it cannot proceed.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Taylor.

**ENTERED** this 6th day of March 2025.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE